Filed 11/23/21  P. v. Qazza CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SULEIMAN ABD QAZZA,<br><br>  Defendant and Appellant. | G060307<br><br>(Super. Ct. No. 00CF2922)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

### INTRODUCTION

Defendant Suleiman Abd Qazza appeals from the postjudgment order denying his motion to vacate the judgment of conviction entered against him in 2001 after a jury found him guilty of two counts of making criminal threats. Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified a potential issue to assist us in our independent review. We provided defendant 30 days to file written argument on his own behalf. After the 30-day period ended, defendant submitted a supplemental brief; this Court accepted the brief for filing.

We have independently examined the entire record and appointed appellate counsel's *Wende*/*Anders* brief and defendant's supplemental brief; we have found no reasonably arguable issue. (*Wende, supra*, 25 Cal.3d 436.) We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

In December 2000, defendant was charged in an information with two felony counts of making a criminal threat in violation of Penal Code section 422[1] and two misdemeanor counts of making harassing telephone calls in violation of section 653, subdivision (m) against two deputy probation officers. The information alleged defendant had suffered a prior strike conviction within the meaning of section 667, subdivisions (d) and (e)(1), and a prior serious felony conviction within the meaning of section 667, subdivision (a). The prosecution moved to dismiss the two misdemeanor counts before trial; the trial court granted the motion.

In October 2001, the jury found defendant guilty on both felony counts, and the trial court found the prior conviction sentencing enhancement allegations true.

---

[1] All further statutory references are to the Penal Code.

At the sentencing hearing, the trial court granted the prosecution's motion to dismiss one of the felony counts of making a criminal threat. The court also struck the prior conviction sentencing enhancement under section 667, subdivisions (d) and (e)(1) on the grounds defendant had never before been to state prison, the prior serious felony conviction sentencing enhancement under section 667, subdivision (a) carried a mandatory five-year prison term, and otherwise in the interests of justice.

The trial court sentenced defendant to a seven-year prison term by imposing a two-year term on the remaining felony count of making a criminal threat plus the five-year enhancement under section 667, subdivision (a).

Almost 20 years later, in February 2021, defendant filed a motion to vacate his conviction under section 1473.7. In May 2021, the trial court denied the motion on the ground it was supported by insufficient evidence. Defendant appealed.[2]

**ANALYSIS**

In the *Wende/Anders* brief filed in the instant appeal, appointed appellate counsel suggests we consider whether the trial court erred by denying defendant's motion to vacate the judgment of conviction under section 1473.7.

Section 1473.7, subdivision (a) authorizes a defendant "who is no longer in criminal custody" to file a motion to vacate a conviction or sentence based on any of the following three circumstances: "(1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend

---

[2] After his supplemental brief was filed and the matter was resubmitted, this Court received a request for oral argument from defendant. Defendant's request is improper as "[n]o oral argument is scheduled in a *Wende* appeal when this court, after an independent review of the record, finds no arguable issue." (*In re Andrew B.* (1995) 40 Cal.App.4th 825, 860, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 982 fn. 11.) As discussed in this opinion, we have conducted such a review and found no arguable issue.

against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere. . . . [¶] (2) Newly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice. [¶] (3) A conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of Section 745."

Defendant did not specify which circumstance under section 1473.7, subdivision (a) was the basis of his motion. The record does not show an arguable issue regarding any of the enumerated circumstances in the statute.

Here, defendant was convicted by a jury. As he did not plead guilty or nolo contendere to any charge in the instant case, the ground set forth in section 1473.7, subdivision (a)(1) is inapplicable.

The record does not show defendant presented newly discovered evidence of actual innocence within the meaning of section 1473.7, subdivision (a)(2). Furthermore, defendant presented no evidence relevant to the issue whether his conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin within the meaning of section 1473, subdivision (a)(3).

Defendant's supplemental brief does not address his motion to vacate a conviction or sentence and does not otherwise raise an arguable issue on appeal.

We have reviewed the record in accordance with *Wende* and *Anders*, and we find no arguable issue on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

4

**DISPOSITION**

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.